Claude Bosworth, OSB # 065735
Kathryn Johnson, OSB #123560
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Telephone: (503) 229-1819
Facsimile: (503) 229-0630
E-mail: cbosworth@rizzopc.com
        kjohnson@rizzopc.com

Attorneys for Defendant Baxter Auto Parts, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT THRASHER and DELORES THRASHER,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.<br><br>Defendants. | Case No. 3:25-cv-00926-AB<br><br>**DEFENDANT BAXTER AUTO PARTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

Defendant Baxter Auto Parts, Inc. ("Baxter" or "Defendant") answers Plaintiffs' Complaint ("Complaint") as follows:

1.

Answering Paragraphs 1 through 2, Baxter is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2.

1   Answering Paragraphs 3 through 16, including all subparts, Baxter admits that it is an Oregon
2   corporation with its principal place of business in Oregon. Baxter denies the remaining
3   allegations to the extent they are directed against it. Baxter is without knowledge or
4   information sufficient to form a belief as to the truth of the allegations regarding other parties,
5   and therefore denies them.

3.

Answering incorrectly numbered Paragraph 16, located after "FIRST CLAIM FOR RELIEF – STRICT LIABILITY," Baxter incorporates by reference its responses to Paragraphs 1 through 16 as though fully set forth herein.

4.

Answering Paragraph 17 through 24, including all subparts, Baxter denies the allegations to the extent they are directed at it. Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to other parties, and therefore denies them.

5.

Answering Paragraph 25, Baxter incorporates by reference its responses to Paragraphs 1 through 24 as though fully set forth herein.

6.

Answering Paragraphs 26 through 30, including all subparts, Baxter denies the allegations to the extent they are directed at it. Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to other parties, and therefore denies them.

7.

Answering Paragraph 31, Baxter incorporates by reference its responses to Paragraphs 1 through 30 as though fully set forth herein.

2 – DEFENDANT BAXTER AUTO PARTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT



8.

Answering Paragraph 32, Baxter denies the allegations to the extent they are directed at it. Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to other parties, and therefore denies them.

9.

Answering Paragraph 33, Baxter denies the allegations to the extent they are directed at it. Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to other parties, and therefore denies them.

10.

Answering Paragraph 34, Baxter denies the allegations to the extent they are directed at it. Baxter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to other parties, and therefore denies them.

11.

Answering Plaintiffs' prayer for judgment, Baxter denies that Plaintiffs are entitled to the relief requested, or any relief, from Baxter. Baxter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding other parties, and therefore denies them.

12.

Any allegations in the Complaint not specifically admitted herein are denied.

**************

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

(Subject Matter Jurisdiction)

13.

This Court lacks subject matter jurisdiction.

3 – DEFENDANT BAXTER AUTO PARTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT



**Second Affirmative Defense**

(Insufficient Process or Personal Jurisdiction)

14.

This Court lacks jurisdiction over Baxter due to insufficiency of process, insufficiency of service of process, and/or lack of personal jurisdiction.

**Third Affirmative Defense**

(Improper Venue)

15.

This Court is an improper venue and/or a *forum non conveniens*.

**Fourth Affirmative Defense**

(Comparative Fault)

16.

The damage, injury or condition, if any, as alleged in Plaintiffs' Complaint was caused or substantially contributed to by the comparative fault of Plaintiff Robert Thrasher by conduct including, but not limited to:

a) Failure to properly use respirators or other protective measures;
b) Improper use of asbestos-containing products;
c) Failure to heed warnings;
d) A voluntary assumption of known and appreciated risks; and
e) Any other factors that discovery may disclose regarding the degree of his fault.

**Fifth Affirmative Defense**

(Conduct of Others)

17.

Any damages Plaintiffs may have suffered, which damages are expressly denied, were caused by the negligence or other conduct of one or more of the other Defendants to this lawsuit

or, in the alternative, by the negligence or other conduct of some person, corporation, association, or other entity not presently a party to this lawsuit.

**Sixth Affirmative Defense**

(Assumption of Risk)

18.

Plaintiff Robert Thrasher voluntarily and expressly assumed the risk that caused the alleged damages, if any, thereby barring these claims or reducing Plaintiffs' recovery.

**Seventh Affirmative Defense**

(Employers' Negligence)

19.

Any injury, condition or loss suffered by Plaintiffs was caused or permitted by the negligent failure of Plaintiff Robert Thrashers' employers to provide adequate instructions to him concerning the safe use of asbestos products and by said employers' failure to provide Plaintiff Robert Thrasher with a safe place of work, and/or adequate equipment to protect Plaintiff from harmful exposure.

**Eighth Affirmative Defense**

(Sophisticated User)

20.

Plaintiff Robert Thrasher was employed by knowledgeable and sophisticated employers, and/or was a knowledgeable and sophisticated user himself. Consequently, any duty to warn that Baxter may have had was not the proximate cause of any alleged injury.

**Ninth Affirmative Defense**

(Apportionment of Damages)

21.

If it is proven at trial that Baxter is liable for damages to Plaintiffs, which liability is

expressly denied, said liability is not sole but rather proportionate and, consequently, Baxter is entitled to have its liability limited to is proportionate share or, alternatively, is or may be entitled to contribution from such other defendants, persons or entities.

**Tenth Affirmative Defense**

(Statute of Limitations or Repose)

22.

Plaintiffs' claims against Baxter are barred, in whole or in part, by the applicable statutes of limitations or repose, including but not limited to ORS 12.115.

**Eleventh Affirmative Defense**

(Laches, Waiver and Estoppel)

23.

Plaintiffs' claims against Baxter are barred by laches, and/or waiver or estoppel.

**Twelfth Affirmative Defense**

(Offset)

24.

Pursuant to ORS § 31.580, to the extent that any injury or damage which Plaintiff Robert Thrasher may have sustained has been subject to compensation by collateral sources or otherwise, any recovery to which Plaintiffs might otherwise be entitled is barred or reduced thereby.

**Thirteenth Affirmative Defense**

(Mitigation of Damages)

25.

Plaintiffs failed to mitigate their damages.

**Fourteenth Affirmative Defense**

(Intervening/Superseding Cause)

6 – DEFENDANT BAXTER AUTO PARTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT



26.

Plaintiffs' alleged damages were caused by an intervening or superseding cause for which Baxter is not responsible.

**Fifteenth Affirmative Defense**

(Set-Offs)

27.

To the extent that Plaintiffs have released, settled, or otherwise compromised his claims in whole or in part, those claims are barred by operation of law or, alternatively, are reduced by way of set-off.

**Sixteenth Affirmative Defense**

(Failure to State a Cause of Action)

28.

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Baxter upon which relief can be granted.

**Seventeenth Affirmative Defense**

(Conspiracy)

29.

There is no concert of action or conspiracy between Baxter or any alleged predecessor and any of the other defendants herein. Baxter or any alleged "predecessor" and the other defendants are not joint tortfeasors or coconspirators, and Baxter may not be held jointly and severally liable with the other defendants herein.

**Eighteenth Affirmative Defense**

(Misuse)

30.

Plaintiff Robert Thrasher's alleged injuries or damages, if any, were caused by the

7 – DEFENDANT BAXTER AUTO PARTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

alteration, unintended use, misuse, and/or improper maintenance, service or repair of Baxter product after it left the custody and control of Baxter or any alleged predecessor of Baxter and such act and omissions were the proximate cause of Plaintiff Robert Thrasher's alleged injury or damages.

**Nineteenth Affirmative Defense**

(Incorporation of Other Defendants' Affirmative Defenses)

32.

Baxter hereby incorporates all affirmative defenses raised by other defendants to the Complaint or raised in response to any cross-claim, to the extent they are available to Baxter and would serve to either limit or bar any recovery on the Complaint or cross-claims against Baxter. Baxter further reserves the right to add further affirmative defenses as may be revealed by further investigation and/or discovery.

*********

**RESERVATION OF RIGHTS**

33.

Baxter hereby specifically reserves the right to amend its answer by way of adding additional affirmative defenses, counterclaims, cross-claims or by instituting Third Party Actions, and/or reserves the right to maintain a separate action against each and every defendant named or to be named herein for indemnification and/or contribution, including Baxter's defense costs and reasonable attorneys' fees.

**************

**PRAYER FOR RELIEF**

34.

Defendant Baxter Auto Parts, Inc. requests the following relief:

    (a)    That Plaintiffs' Complaint against Baxter be dismissed with prejudice;

(b)   That Plaintiffs recover nothing from Baxter on Plaintiffs' claims herein;

(c)   That Baxter be awarded its costs and disbursements herein, including reasonable attorneys' fees;

(d)   That Baxter be granted such other and further relief as the court may deem just and proper; and

(e)   That in the event Baxter is found liable to Plaintiffs herein, which liability is expressly denied, Baxter be awarded judgment, either herein or later in a separate trial or action against one or more of the other defendants named or to be named herein for contribution and/or indemnification, including its defense costs and attorneys' fees.

DATED this 12th day of June 2025.

RIZZO BOSWORTH ERAUT PC

By: /s/Claude Bosworth
Kathryn Johnson, OSB #123560
kjohnson@rizzopc.com
Claude Bosworth OSB #065735
cbosworth@rizzopc.com
1300 SW Sixth Avenue, Suite 330
Portland, Oregon 97201
Tel: (503) 229-1819
Fax: (503) 229-0630
*Attorneys for Baxter Auto Parts, Inc.*

9 – DEFENDANT BAXTER AUTO PARTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

RIZZO | BOSWORTH | ERAUT PC
1300 SW Sixth Ave, Suite 330 | Portland, OR 97201
rizzopc.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| ROBERT THRASHER and DELORES THRASHER, | Case No.  3:25-cv-00926-AB |
|---|---|
| Plaintiffs, | **DECLARATION OF DELIVERY AND/OR MAILING** |
| v. |  |
| 3M COMPANY, et al., |  |
| Defendants. |  |

I am employed by the law firm of Rizzo Bosworth Eraut PC in Portland, Oregon.  I am over the age of eighteen years and not a party to the subject cause.  My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy of the foregoing document in the following manner unless otherwise indicated.

**VIA ECF ONLY**

| | |
|---|---|
| Devin Robinson<br>LAW OFFICES OF DEVIN ROBINSON P.C.<br>9450 SW Gemini Drive, PMB 27074<br>Beaverton, OR 97008<br>devin@nwtriallaw.com<br>*Attorneys for Plaintiff* | Laurel Halbany (Pro Hac Vice pending)<br>DEAN OMAR BRANHAM SHIRLEY LLP<br>302 N. Market Street, Suite 300<br>Dallas, TX 75202<br>lhalbany@dobslegal.com<br>*Attorneys for Plaintiff* |
| Diane C. Babbitt<br>BALLARD SPAHR LLP<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br>babbittd@ballardspahr.com<br>asbestos@ballardspahr.com | Andrea Holburn Bernarding<br>FREEMAN MATHIS & GARY, LLP<br>701 Fifth Ave., 42nd Floor<br>Seattle, WA 98104<br>andrea.bernarding@fmglaw.com |

1 – DECLARATION OF DELIVERY AND/OR MAILING

| | |
|---|---|
| ***Attorneys for Genuine Parts Company & Honeywell International, Inc., ZF Active Safety US Inc.*** | ***Attorneys for Defendant Bridgestone Americas Tire Operations, LLC*** |
| Mark J. Fucile<br>Daniel K. Reising<br>FUCILE & REISING LLP<br>1120 S.E. Madison Street<br>Portland, OR 97214<br>Mark@frllp.com<br>Dan@frllp.com<br>service@frllp.com<br>***Attorneys for Defendant Ford Motor Company*** | Nancy M. Erfle<br>Sandy K. Hanson<br>Cheney E. Moss<br>Noah Gordon<br> GORDON REES SCULLY MANSUKHANI, LLP<br>1300 SW Fifth Ave., Suite 2000<br>Portland, OR 97201<br>nerfle@grsm.com<br>shanson@grsm.com<br>cmoss@grsm.com<br>ngordon@grsm.com<br>PORAsbestos@grsm.com<br>***Attorneys for Defendant Meritor, Inc. & Enerpac Tool Group Corp.*** |
| Lorianne Hanson<br>Nicole Brodie Jackson<br>BULLIVANT HOUSER BAILEY PC<br>925 Fourth Avenue, Suite 3800<br>Seattle, WA 98104<br>asbestos@bullivant.com<br>***Attorneys for Defendant Harley-Davidson, Inc.*** | Annalie M. Faddis<br>GILLASPY RHODE FADDIS & BENN LLC<br>821 Kirkland Avenue, Suite 200<br>Kirkland, Washington 98033<br>afaddis@gillaspyrhode.com<br>***Attorney for Morse TEC LLC and IMO Industries, Inc.*** |
| George Pitcher<br>Dmitriy Golosinskiy<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP<br>805 SW Broadway, Suite 2460<br>Portland, Oregon 97205<br>George.Pitcher@wilsonelser.com<br>Dmitriy.Golosinskiy@wilsonelser.com<br>nwasbestos@wilsonelser.com<br>***Attorneys for Defendant Pneumo Abex LLC, Cameron International Corporation, DCo LLC*** | Erin Fraser<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP<br>520 Pike Street, Suite 2350<br>Seattle, WA 98101<br>Erin.Fraser@wilsonelser.com<br>NWAsbestos@wilsonelser.com<br>***Attorney for Armstrong International, Inc.*** |
| Dana Kopij,<br>Bryan D. Scholnick,<br>WILLIAMS KASTNER & GIBBS, PLLC<br>601 Union Street, Suite 4100<br>Seattle, WA 98101<br>dkopij@williamskastner.com<br>bscholnick@williamskastner.com<br>wkgasbesto@williamskastner.com | Jeanne F. Loftis<br>Hayley D. Hollis<br>BAKER STERCHI COWDEN & RICE, LLC<br>2100 Westlake Avenue, N., Suite 206<br>Seattle, Washington 98109<br>PNWAsbestos@bakersterchi.com |

2 – DECLARATION OF DELIVERY AND/OR MAILING



| **Counsel for Defendant The William Powell Company** | **Attorneys for Defendant Hollingsworth & Vose Company** |

  I declare under penalty of perjury and under the laws of the State of Oregon that the foregoing is true and correct.

  Executed at Portland, Oregon, this 12th day of June 2025.

          *s/Shannon Boyd*
          Shannon Boyd
          Paralegal