IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT THRASHER and
DELORES THRASHER,

                Plaintiffs,

    v.

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

                Defendants.

3:25-cv-00926-AB

OPINION & ORDER

Devin Robinson
Law Offices of Devin Robinson, P.C.
9450 SW Gemini Dr., Pmb 27074
Beaverton, OR 97008

Jordan Blumenfeld-James
Dean Omar Branham Shirley LLP
302 N. Market Street, Suite 300
Dallas, TX 75202

      Attorneys for Plaintiffs

1 – OPINION & ORDER

Rachel A. Rubin
Soha & Lang, P.S.
1325 Fourth Avenue, Ste 940
Seattle, WA 98101

      Attorney for Defendant Alfa Laval, Inc.

**BAGGIO, District Judge:**

      Plaintiffs Robert and Delores Thrasher bring this asbestos exposure case against forty-two Defendants. Plaintiffs bring three claims against Defendants: (1) strict liability; (2) negligence; and (3) loss of consortium. Def. Viad Notice of Removal Ex. A ("Compl.") ¶¶ 16–32, ECF No. 1-1.[1] Defendants Viad Corp. ("Viad") and Alfa Laval, Inc. ("Alfa Laval") removed Plaintiffs' state action to this Court. Def. Viad Notice of Removal, ECF No. 1; Def. Alfa Laval Notice of Removal, ECF No. 178.[2] Defendant Alfa Laval moves to dismiss Plaintiffs' claims against it for lack of personal jurisdiction. Def. Alfa Laval Mot. Dismiss ("Def.'s Mot."), ECF No. 133. For the reasons below, the Court grants Defendant Alfa Laval's motion and remands this case to Multnomah County Circuit Court.[3]

///

---

[1] Plaintiffs' Complaint contains two paragraphs numbered as "16." The first of these paragraphs appears on pages eight through sixteen of Plaintiffs' Complaint where Plaintiffs allege facts relating to each Defendant. The second of these paragraphs is on page sixteen in which Plaintiffs incorporate all preceding paragraphs. For clarity, all citations to paragraph sixteen of Plaintiffs' Complaint refer to the paragraph starting on page eight of Plaintiffs' Complaint, except for the one instance to which this footnote is attached.

[2] Defendant Alfa Laval removed this state action separately from Defendant Viad's removal action, which resulted in the entry of an identical case, Case No. 3:25-cv-925-AB. The Court closed that case as duplicative, and Defendant Alfa Laval filed its Notice of Removal in the current case for completeness of the record. Additionally, on August 18, 2025, the Court dismissed Defendant Viad. Stipulation and Order of Dismissal, ECF No. 170.

[3] Plaintiffs moved to remand this case to Multnomah County Circuit Court. Pls.' Mot. Remand, ECF No. 119. Because the Court remands this case on other grounds, it declines to address Plaintiffs' arguments as to whether Defendant Alfa Laval is a "federal officer" for purposes of establishing subject matter jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

## BACKGROUND

"On or about January 30, 2025, Plaintiff Robert Thrasher was diagnosed with mesothelioma, a cancer of the lining of the lungs caused by exposure to asbestos . . . ." Compl. ¶ 1. Plaintiffs allege that Defendants collectively exposed Plaintiff Robert Thrasher to asbestos "[d]uring the course of Plaintiff Robert Thrasher's employment . . . and during non-occupational work projects and in other ways," *id.* ¶ 15, through Defendants' "manufacturing, designing, processing, marketing, distributing, using, installing, applying, rebranding for sale, selling, and/or otherwise placing in the stream of commerce, asbestos-containing products including in the State of Oregon[,]" *id.* ¶ 3. Plaintiffs also allege that Plaintiff Robert Thrasher's asbestos exposure occurred "through his childhood . . . at locations in or near Medford, Oregon," and during his service in the United States Navy from 1961 to 1963, which included time aboard the USS *Bennington. Id.* ¶ 14. Plaintiffs allege that Defendants' products were a substantial contributing factor to Plaintiff Robert Thrasher's development of mesothelioma. *Id.* ¶ 16.

Defendant Alfa Laval is incorporated in New Jersey and has its principal place of business in Virginia. Madison Decl. ¶¶ 3–4, ECF No. 134. Defendant Alfa Laval currently has one employee based in Oregon, and about 0.9 percent of its sales are made in Oregon. *Id.* ¶¶ 11–12. Defendant Alfa Laval also claims that it "presently conducts the same . . . government contract work for the Department of Defense . . . as that performed during the time period relevant to the allegations in Plaintiffs' Complaint, including manufacturing oil purifiers[,]" *id.* ¶ 6, but that "it did not supply any purifiers for installation on the USS *Bennington* to any location in the State of Oregon. Instead, such purifiers were delivered to shipyards in other states[,]" *id.* ¶ 9. Plaintiffs allege that Defendant Alfa Laval exposed Plaintiff Robert Thrasher to asbestos because it "manufactured, distributed, and sold substantial amounts of asbestos and/or

asbestos-containing products, materials, or equipment, including, but not limited to, steam traps." Compl. ¶ 16(b).

After Plaintiffs filed suit in Multnomah County Circuit Court, Defendant Viad removed this case under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Def. Viad Notice of Removal ¶ 10–13. That same day, Defendant Alfa Laval also filed a notice of removal under § 1442(a)(1). Def. Alfa Laval Notice of Removal ¶ 11.

## STANDARDS

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. In opposition to a defendant's motion to dismiss under Rule 12(b)(2), the plaintiff has the burden of showing that personal jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). In evaluating a defendant's motion, "[t]he court may consider evidence presented in affidavits to assist it in its determination." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017). Where the court rests its decision on written materials rather than holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015. Oregon Rule of Civil Procedure 4 governs personal jurisdiction issues in Oregon, and "Oregon's long-arm statute confers jurisdiction to the extent permitted by due process." *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990). Therefore, the analysis of personal jurisdiction under Oregon law and federal due process is the same. *See Schwarzenegger*, 374 F.3d at 800–01.

For the exercise of personal jurisdiction to comport with federal due process, the defendant must have certain "minimum contacts" with Oregon so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Supreme Court has recognized two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017).

## DISCUSSION

Defendant Alfa Laval moves to dismiss claims against it for lack of personal jurisdiction. *See generally* Def.'s Mot. The Court first finds that it lacks personal jurisdiction as to Defendant Alfa Laval and therefore grants Defendant Alfa Laval's Motion to Dismiss. The Court also remands this case to Multnomah County Circuit Court.[4]

## I.    Personal Jurisdiction

Defendant Alfa Laval moves to dismiss Plaintiffs' claims against it for lack of personal jurisdiction because Plaintiffs' Complaint merely contains "threadbare conclusions unsupported by any factual allegations" and because "Plaintiffs never allege that their claims arise from or relate to any contacts [Defendant] Alfa Laval directed at the State of Oregon." Def.'s Mot. 3–4. Plaintiffs respond that this Court may exercise specific personal jurisdiction[5] over Defendant Alfa Laval. Pls.' Resp. to Def.'s Mot. ("Pls.' Resp.") 3–6, ECF No. 148. The Court finds that it lacks personal jurisdiction as to Defendant Alfa Laval and grants its Motion to Dismiss.

---

[4] On December 22, 2025, the Court advised the parties that it would proceed by first addressing Defendant Alfa Laval's Motion to Dismiss for Lack of Personal Jurisdiction. Order, ECF No. 187; *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) ("[T]he court does not abuse its discretion by turning directly to personal jurisdiction.").

[5] Plaintiffs do not argue that the Court should exercise general personal jurisdiction over Defendant Alfa Laval.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (internal quotation marks omitted). Courts in the Ninth Circuit apply a three-prong test to analyze specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023) (citing *Schwarzenegger*, 374 F.3d at 802); *see also Schwarzenegger*, 374 F.3d at 802 ("A purposeful direction analysis . . . is most often used in suits sounding in tort."). "The plaintiff has the burden of proving the first two prongs." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

"[M]ere bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (internal quotations omitted). If the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable.'" *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

A plaintiff satisfies the second prong of the specific personal jurisdiction analysis by showing that the claims "arise out of *or relate to* the defendant's contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (quoting *Bristol-Myers*,

582 U.S. at 262). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "A restrictive reading of the 'arising out of' requirement is not necessary in order to protect potential defendants from unreasonable assertions of jurisdiction." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585 (1991). Rather, this prong seeks to confirm that there is "some nexus between the cause of action and the defendant's activities in the forum." *Id.* Additionally, "[t]he first half of [the second element's] standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Herbal Brands, Inc.*, 72 F.4th at 1096 (quoting *Ford Motor*, 592 U.S. at 362).

Here, Plaintiffs' allegations, on their own, fail to establish specific personal jurisdiction against Defendant Alfa Laval because Plaintiffs' claims do not plausibly arise from or relate to Defendant Alfa Laval's in-forum activities.[6] Specifically, Plaintiffs only generally allege in their Complaint that their "claims arise out of acts or omissions by one or more Defendants committed within the State of Oregon . . . ." Compl. ¶ 5. But this allegation—and other general allegations like it—are mere "bare bones" assertions of minimum contacts that are "unsupported by specific factual allegations" as to Defendant Alfa Laval. *Swartz*, 476 F.3d at 766. Additionally, while Plaintiffs' allegation that Defendant Alfa Laval "manufactured, distributed, and sold substantial

---

[6] While the Court dismisses Defendant Alfa Laval because of Plaintiffs' failure to satisfy the second prong of the specific personal jurisdiction analysis alone, it also has concerns that it fails the first prong. The Court, however, declines to address the first prong of the analysis because Defendant Alfa Laval should be dismissed on the second prong alone and because the parties do not sufficiently brief their arguments as to the first prong.

amounts of asbestos and/or asbestos-containing products," Plaintiffs do not allege or provide evidence that Defendant Alfa Laval engaged in these specific activities in Oregon. Compl. ¶ 16(b). *Cf. Wineland v. Air & Liquid Sys. Corp.*, No. C19-0793RSL, 2020 WL 6158958, at *2 (W.D. Wash. Jan. 22, 2020) (finding that "plaintiffs' allegations, supplemented by evidence that Alfa Laval shipped asbestos-containing products to Washington for installation on a ship on which the deceased worked, is sufficient to establish a prima facie case of personal jurisdiction at this stage of the litigation"); *Varney v. Air & Liquid Sys. Corp.*, No. 3:18-CV-05105-RJB, 2018 WL 1517669, at *3 (W.D. Wash. Mar. 28, 2018) (finding that "[b]ecause of sales of [the defendant's] products in Washington, [the plaintiff] was exposed to asbestos in Washington and later developed mesothelioma").

Plaintiffs also argue that Defendant Alfa Laval's current business activity in Oregon is sufficient to establish specific personal jurisdiction. Pls.' Resp. 5; *see also* Madison Decl. ¶¶ 11–12 (Defendant Alfa Laval has "only 1 employee based in Oregon" and its business in Oregon "amounted to no more than 0.9 percent of Alfa Laval's total sales nationally"). But Plaintiffs do not show that Defendant Alfa Laval's current business activity in Oregon is the same business that gave rise to Plaintiffs' claims.[7] In other words, Plaintiffs argue that their injuries arise from

---

[7] Plaintiffs also argue that Defendant "Alfa Laval does not provide any information that it did not have sales [in Oregon] going back to World War 2[,]" but Defendant Alfa Laval does not carry the burden of proving the first two prongs of the specific personal jurisdiction analysis. *See Picot*, 780 F.3d at 1211 ("The *plaintiff* has the burden of proving the first two prongs." (emphasis added)). The Court also notes that, in their Response to Defendant Alfa Laval's Motion, Plaintiffs indicated that "should Plaintiff[s'] motion for remand be denied Plaintiffs will request this Court give Plaintiffs the ability to perform jurisdictional discovery over Alfa Laval . . . ." Pls.' Resp. 5 n.2. The Court then requested that Plaintiffs "file any motion for discovery on personal jurisdiction by November 12, 2025." Order, ECF No. 179. Plaintiffs filed a motion requesting jurisdictional discovery "should Plaintiffs' Motion to Remand be denied." Pls.' Mot. for Disc. on Personal Jurisdiction 1, ECF No. 181. The Court denied Plaintiffs' motion because Plaintiffs "do not provide evidence showing how jurisdictional discovery could be helpful to the Court in establishing personal jurisdiction as to Defendant Alfa Laval." Order, ECF No. 187; *see*

Defendant Alfa Laval's production of asbestos-containing products, but Plaintiffs provide no evidence that Defendant Alfa Laval's current business activity in Oregon involves production of asbestos-containing products. *See* Compl. ¶ 16(b). Nor is there any evidence of what Defendant Alfa Laval's current business activities are in Oregon. Because there must be "some nexus between the cause of action and the defendant's activities in the forum," the provided details regarding Defendant Alfa Laval's current business activities do not satisfy a showing of personal jurisdiction. *Shute*, 897 F.2d at 385.

Plaintiffs finally argue that "[w]hile [Defendant] Alfa Laval may not have shipped the specific products to Oregon for installation on the *USS Bennington*, it is undisputed that [Defendant] Alfa Laval was aware that its products would be installed on Navy ships which would likely travel all over the world." Pls.' Resp. 6. But Plaintiffs' argument fails for two reasons. First, Plaintiffs provide no legal authority to support their argument, and this argument contradicts Supreme Court caselaw holding that third-party actions, such as where the U.S. Navy sends its ships, is not enough to establish personal jurisdiction. *See Burger King*, 471 U.S. at 475 (holding that "a defendant will not be haled into a jurisdiction solely as a result of . . . . 'unilateral activity of another party or a third person'" (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984))). Second, Plaintiffs do not allege or provide evidence that the USS *Bennington* ever docked in Oregon during Plaintiff Robert Thrasher's service in the U.S. Navy. By extension, Plaintiffs fail to show whether Plaintiff Robert Thrasher's exposure to Defendant Alfa Laval's products occurred in Oregon.

---

*also LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022) (affirming district court's denial of request for jurisdictional discovery because the plaintiffs "sought jurisdictional discovery without providing any affidavit or evidence substantiating their requests or describing with any precision how such discovery could be helpful to the Court" (internal quotations omitted)).

The Court finds that Plaintiffs fail to allege a "connection between the forum and the specific claims at issue" as to Defendant Alfa Laval. *Bristol-Myers*, 582 U.S. at 265. Accordingly, the Court lacks personal jurisdiction over Defendant Alfa Laval and grants its Motion to Dismiss.

## II.     Subject Matter Jurisdiction

The Court is "obligated to consider sua sponte whether [it has] subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

In general, federal courts have jurisdiction over two primary categories of cases: (1) federal question cases; and (2) diversity of citizenship cases. A "federal question" case involves the Constitution, a federal law, or a treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states and an amount of damages exceeding $75,000. *See* 28 U.S.C. § 1332(a)(1). As is relevant here, parties may also remove a state action to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which "ensure[s] a federal forum in any case where a federal official is entitled to raise a defense arising out of his duties." *Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981)). But district courts have discretion to decide whether to remand a case that was originally removed under the federal officer removal statute after a court dismisses all federal officer defendants. In *Watkins v. Grover*, two defendants similarly removed a case from state court under the federal officer removal statute. 508 F.2d 920, 921 (9th Cir. 1974). Ultimately, the court "dismissed . . . the federal defendants . . . on the ground that they were immune from liability." *Id.* The Ninth Circuit held that the district court may decide "whether to hear the suit on its merits or, *in its discretion*, to remand the suit to the state court from which it was removed." *Id.* (emphasis added); *see also IMFC Pro. Servs. of Fla.,*

*Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. 1982) ("[E]limination of the federal officer from a removed case does not oust the district court of jurisdiction (except where there was no personal jurisdiction over the officer).").

      Here, Plaintiffs do not bring claims involving a federal question. There is also a lack of complete diversity in this case because Plaintiffs bring their claims against Defendant Baxter Auto Parts, "an Oregon corporation with its principal place of business in Oregon . . . ." Compl. ¶ 16(e); *see also* Def. Baxter Auto Parts Answer ¶ 2 (admitting Oregon citizenship), ECF No. 102. Because the Court lacks federal question or diversity subject matter jurisdiction and because Defendants Viad and Alfa Laval—the defendants claiming jurisdiction under the federal officer removal statute—have been dismissed from this case, the Court remands this case to Multnomah County Circuit Court for lack of subject matter jurisdiction.

## CONCLUSION

      The Court GRANTS Defendant Alfa Laval's Motion to Dismiss [133] and dismisses Defendant Alfa Laval for lack of personal jurisdiction. The Court also remands this case to Multnomah County Circuit Court for lack of subject matter jurisdiction. Pending motions, if any, are denied as moot.

      IT IS SO ORDERED.

      DATED this 20th day of January, 2026.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge